U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 SEP -9 PM 3: 23

CLERK

BY ___EY___
DEPUTY CLERK

JLD PROPERTIES OF ST. ALBANS, LLC, )
   Plaintiff )
    )
   v. ) Case No. 2:20-cv-134
    )
PATRIOT INSURANCE COMPANY, )
   Defendant )

## COMPLAINT

### Nature of Action

1. This is an action to establish insurance coverage for a building damaged by a sudden wind storm.

### Parties

2. Plaintiff JLD Properties of St. Albans, LLC ("JLD") is a Vermont limited liability company. Its members are Jeffrey and Charles Davis, who are citizens of Vermont and Connecticut respectively.

3. Defendant Patriot Insurance Company is Maine corporation with its principal place of business in Maine. It is a citizen of Maine.

### Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332. There is a complete diversity of citizenship and the amount in controversy exceeds $75,000. In cases involving limited liability corporations, the citizenship of limited liability companies is determined based on the state where its members are citizens.

5.	This Court may enter a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

6.	Venue lies in this jurisdictional district pursuant to 28 U.S.C. § 1391(b).

### Facts

7.	JLD purchased an insurance policy from Patriot Insurance.

8.	The insurance policy provides coverage for wind damage.

9.	In October 2017, a large wind storm ripped through St. Albans.

10.	The wind storm caused damage to JLD's building located in St. Albans, Vermont. The damage included lifting of the roof and creating openings in the roof. Between October 30, 2017 and November 4, 2017, there was substantial rainfall in St. Albans of 1.5 inches.

11.	Patriot initially accepted coverage for the wind damages.

12.	As the costs of the repairs increased, Patriot reversed its position and denied coverage. Patriot has refused to pay for additional repairs required because of the wind damage.

13.	On January 10, 2020 and in subsequent communications, JLD requested coverage under the Insurance Policy.

14.	The letter declining to provide coverage relied on a number of inaccurate factual statements. First, it asserted that damage to the building had occurred in 2013. The building was repointed in 2014 before the incident. Photographic evidence shows that the building was in good condition at the time that the damage occurred in 2017.

15.	The supplemental letter denying coverage also had inaccurate statements. For example, Mr. Hill conducted an investigation relied on in the letter. Mr. Hill found that there was significant damage to the roof on the northwest corner. Mr. Hill neglects to mention that roof at



gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

the eastern edge of the building was lifted and damaged. JLD has visual evidence showing the damage at the eastern end of the roof.

16. JLD's insurance broker sent a June 2020 email detailing all of the faults with the investigation. The letter included visual evidence on several of the issues in dispute. Despite receiving this letter, Patriot Insurance did not request any additional information or conduct a new investigation.

## COUNT I
### Declaratory Judgment – Breach of Contract

17. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

18. An actual and justiciable controversy has arisen between JLD and Patriot Insurance.

19. JLD therefore seeks a declaration that coverage exists for damage to its property under the insurance policy issued by Patriot Insurance.

## COUNT II
### Vermont Consumer Protection Act.

20. The biased investigation and claims handling procedures violate the VCFA's bar on "unfair practices."

21. Patriot has fallen below the standards set forth in Vermont law for investigating claims. 8 V.S.A. § 4724. In particular, Patriot's investigation failed by:

> (A) misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;
>
> (B) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
>
> (C) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;



gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

- 3 -

(D) refusing to pay claims without conducting a reasonable investigation based upon all available information.

8 V.S.A. § 4724(9)(A) & (B).

22. The anti-concurrent clause in JLD's insurance policy is itself an unfair practice. It creates the appearance of coverage, but its actual implementation results in the denial of coverage in a number of different cases where coverage should exist.

### Claims for Relief

WHEREFORE, Plaintiff prays that judgment be entered in his favor for the following relief:

A. A declaration that coverage under the Insurance Policy exists;

B. Damages;

C. An order awarding attorneys' fees and costs; and

C. Such other and further legal and equitable relief as this Court deems just and proper.

### JURY DEMAND

**Plaintiff demands trial by jury of all issues so triable.**

Dated: Burlington, Vermont
September 9, 2020

Matthew B. Byrne, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
mbyrne@gravelshea.com
For Plaintiff



gravel & shea
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369

- 4 -