UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JLD PROPERTIES OF ST. ALBANS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 2:20-cv-00134 |
| ) | |
| PATRIOT INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND**
(Doc. 4)

Plaintiff JLD Properties of St. Albans, LLC brings this action against Defendant Patriot Insurance Company seeking a declaratory judgment that coverage exists for damage to its property under an insurance policy issued by Defendant (Count I) and alleging violations of the Vermont Consumer Fraud Act (the "VCFA"), 9 V.S.A. § 2453 (Counts II and III).[1]

Pending before the court is Defendant's motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On November 12, 2020, Plaintiff opposed Defendant's motion to dismiss, and on November 25, 2020, Defendant replied, at which time the court took the pending motion under advisement.

Plaintiff is represented by Matthew B. Byrne, Esq. Defendant is represented by Anthony J. Antonellis, Esq.; Brendan L. Labbe, Esq.; and John E. Brady, Esq.

---

[1] Plaintiff filed a Supplemental Complaint without leave of the court on November 12, 2020. On December 1, 2020, Plaintiff moved for leave to file the Supplemental Complaint and on December 18, 2020, the court granted Plaintiff's motion over Defendant's objection. The court will therefore consider both the original Complaint (Doc. 1) and the Supplemental Complaint (Doc. 10) as a singular Complaint.

## I. Allegations in the Complaint.

Plaintiff purchased an insurance policy from Defendant which "provides coverage for wind damage" (the "Policy").[2] (Doc. 1 at 2, ¶ 8.) In October 2017, a wind-storm caused damage to a building owned by Plaintiff located in St. Albans, Vermont. The damage included "lifting of the roof and creating openings in the roof." *Id.* at 2, ¶ 10. Defendant allegedly initially confirmed coverage for the wind damage.

On January 10, 2020, Plaintiff requested coverage under the Policy for additional repairs necessitated by the 2017 wind damage. Plaintiff alleges that Defendant responded in a letter which denied coverage and relied on several factually inaccurate grounds, including that the building had been previously damaged. Plaintiff contends that a supplemental letter sent by Defendant relied on an investigation report which failed to include damage caused to the eastern edge of the building's roof. In June of 2020, Plaintiff's insurance broker sent an email to Defendant explaining these factual inaccuracies; however, Defendant did not request additional information or conduct a new investigation.

After Plaintiff filed its original Complaint in this action, Defendant sent a third coverage letter in which it asserted a "suit limitation clause" defense. (Doc. 10 at 3, ¶ 20.) Plaintiff alleges that this defense is "part of a standard strategy to increase the costs of obtaining coverage so that rational economic actors will not pursue coverage to which they are entitled because the costs of obtaining that coverage exceeds the amount of damages available under the policy." *Id.* at 3, ¶ 21. Plaintiff asserts that Defendant's third letter fails to respond to the June 2020 email sent by its insurance broker.

With regard to Commercial Property, the Policy states in relevant part that:

---

[2] Although not attached to the Complaint, the court will consider the applicable insurance policy attached as Exhibit B to Defendant's motion to dismiss because it is incorporated by reference in the Complaint and Plaintiff relied upon it in bringing the instant action. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (holding that "[i]n considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider . . . documents incorporated by reference in the complaint" and any document "where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint") (internal quotation marks and citation omitted).

2

> No one may bring a legal action against [Defendant] under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Doc. 4-4 at 56.) The wind-storm took place in October of 2017; Plaintiff requested coverage for the additional repairs on January 10, 2020. Its Complaint was filed on September 9, 2020.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The sufficiency of a plaintiff's complaint under Rule 12(b)(6) is evaluated using a "two-pronged approach[.]" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679). First, the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. The court is also "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (citation omitted). Second, the court considers whether the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. This second step is fact-bound and context-specific, requiring the court "to draw on its judicial experience and common sense." *Id.* The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195,

3

201 (2d Cir. 2017).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). However, "the survival of a Rule 12(b)(6) motion to dismiss on statute of limitations grounds requires only allegations consistent with a claim that would not be time-barred." *Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir. 1999).

### B. Whether Plaintiff's Claims are Time-Barred.

Defendant seeks dismissal of Plaintiff's Complaint because Plaintiff's claims are time-barred by the Policy's suit limitation provision. The clear and unambiguous language of the Policy prohibits legal action against Defendant under the Policy unless "[t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (Doc. 4-4 at 56.) Plaintiff alleges that its loss occurred in October of 2017 but it did not bring suit until September of 2020. According to the Policy, Plaintiff's claim is barred.

Notwithstanding the clear and unambiguous language of the Policy, Plaintiff asks the court to find it both unreasonable and unenforceable. "Generally, insurance contracts may contain provisions shortening the period for filing suit if the shorter period is consistent with any applicable statute, is reasonable, is clear and unambiguous, and provides adequate notice of the reduction." *Brillman v. New England Gaur. Ins. Co., Inc.*, 2020 VT 16, ¶ 9, 228 A.3d 636, 638-39 (internal quotation marks and citation omitted). Here, the applicable suit limitation provision satisfies these requirements because it unambiguously sets a time limit of two years.

Under Vermont law:

> A policy of fire, life, accident, liability, or burglary insurance, or an indemnity, surety, or fidelity contract or bond issued or delivered in this State by an insurance company doing business herein shall not contain a condition or clause limiting the time of commencement of an action on such policy or contract to a period less than 12 months from the occurrence

4

of the loss[.]

8 V.S.A. § 3663; *see also Greene v. Stevens Gas Serv.*, 2004 VT 67, ¶ 18, 177 Vt. 90, 98, 858 A.2d 238, 245 (holding that "[t]he applicable statute prohibits such limitation clauses only if they set a time limit less than a year from the date of the loss"). Although the statute of limitations for property damage under Vermont law is three years after the cause of action accrues, no Vermont court has found a two-year suit limitation provision in an insurance contract unreasonable or contrary to public policy. *See* Vt. Stat. Ann. tit. 12, § 512 (West 2021); *Brillman*, 2020 VT 16, ¶ 17, 228 A.3d at 640 (upholding a suit limitation provision prohibiting suit unless "the action is started within one year after the date of loss").

In the alternative, Plaintiff argues that Defendant has waived and should be estopped from asserting the suit limitation provision because Defendant initially confirmed coverage for damage caused by the 2017 wind-storm but later reversed its position when Plaintiff sought coverage for additional repairs related to the storm several years later. In such circumstances, Plaintiff contends it could not have known that it would need to file suit within the two-year window.

The Vermont Supreme Court has held that "the doctrines of waiver and estoppel can mitigate the harsh results of enforcing" suit limitation clauses. *Brillman*, 2020 VT 16, ¶ 25, 228 A.3d at 642. "Equitable estoppel applies in cases where, for example, the defendant lulls the plaintiff into not filing suit with assurances that she will settle the case." *Ellul*, 774 F.3d at 802 (citation omitted). Accordingly, "[i]f conduct or inaction on the part of the insurer is responsible for the insured's failure to comply with time limitations, injustice is avoided and adequate relief assured, without doing violence to the plain language of the insurance contract, by resort to traditional principles of waiver and estoppel." *Brillman*, 2020 VT 16, ¶ 25, 228 A.3d at 642 (quoting *Fed. Deposit Ins. Co. v. Hartford Accident & Indem. Co.*, 97 F.3d 1148, 1151 (8th Cir. 1996)).

"To invoke equitable estoppel, a plaintiff must show that: '(1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment."

5

*Ellul*, 774 F.3d at 802 (quoting *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995)).

In this case, Plaintiff alleges that it reasonably relied upon Defendant's confirmation of coverage for the 2017 wind damage to its detriment. Plaintiff apparently argues that by confirming coverage for the initial damage, Defendant was bound to confirm coverage indefinitely for any additional repairs. This is plainly unreasonable because an insurer does not, by confirming coverage for a particular claim, thereby accept coverage for any damages allegedly discovered in the future. Because Plaintiff has not plausibly pled that Defendant made a "definite misrepresentation of fact" that Plaintiff reasonably relied on to its detriment in delaying its coverage suit, it has not alleged an equitable estoppel claim. *Id.* at 802; *see Twombly*, 550 U.S. at 570.

Plaintiff additionally contends that Defendant waived the suit limitation clause by previously confirming coverage for the 2017 wind damage and "by failing to assert that clause in its previous coverage letters[.]" (Doc. 9 at 5.) Under Vermont law, "[a] waiver is a voluntary relinquishment of a known right." *Anderson v. Coop. Ins. Cos.*, 2006 VT 1, ¶ 10, 179 Vt. 288, 291, 895 A.2d 155, 159 (citing *Green Mountain Ins. Co. v. Maine Bonding & Cas. Co.*, 608 A.2d 1160, 1165 (1992)). Plaintiff cites no authority for the proposition that by confirming coverage for the 2017 wind damage loss, Defendant waived the other applicable Policy provisions.

Similarly, while "an insurer waives additional defenses that are not raised or reserved in an initial denial of coverage[,]" this rule cannot be used to bar the application of the suit limitation provision in the Policy. *Progressive Ins. Co. v. Brown ex rel. Brown*, 2008 VT 103, ¶ 6, 184 Vt. 388, 391-92, 966 A.2d 666, 668. At the time that Plaintiff requested coverage for the additional repairs and Defendant sent its initial letter denying coverage, Plaintiff had not yet filed suit. To require an insurance company to assert a suit limitation defense before suit has been filed would defy common sense. Because the Policy's suit limitation clause is enforceable, Defendant's motion to dismiss the Complaint as time-barred is GRANTED.

## C. Whether Plaintiff Plausibly Pleads a Vermont Consumer Fraud Act Claim.

Defendant contends that Counts II and III of the Complaint must be dismissed because there is no private right of action under 8 V.S.A. §§ 4723, 4724, and because the VCFA does not apply to insurance claims. Plaintiff concedes that there is no private right of action under 8 V.S.A. §§ 4723, 4724, but contends that it "can serve as the standard for conduct to determine the 'public policy' element of the 'unfair' prong of the Vermont Consumer Fraud Act." (Doc. 9 at 9.)

The VCFA prohibits "unfair or deceptive acts or practices in commerce[.]" 9 V.S.A. § 2453(a). "To establish a 'deceptive act or practice' under the [V]CFA requires three elements: '(1) there must be a representation, omission, or practice likely to mislead consumers; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be material, that is, likely to affect the consumer's conduct or decision regarding the product.'" *Drake v. Allergan, Inc.*, 63 F. Supp. 3d 382, 393 (D. Vt. 2014) (quoting *Carter v. Gugliuzzi*, 716 A.2d 17, 23 (1998)). "Whether an act is 'unfair' is guided by consideration of several factors, including (1) whether the act offends public policy, (2) whether it is immoral, unethical, oppressive or unscrupulous, and (3) whether it causes substantial injury to consumers." *Id.* (internal quotation marks omitted). "To bring a private claim under the VCFA, the plaintiff must be a consumer who 'contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453' or 'who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 . . . or prohibited by any rule of regulation made pursuant to section 2453." *Id.*

"Whether the Vermont Consumer Fraud Act applies to the insurance industry is an open question." *R.L. Vallee, Inc. v. Am. Int'l. Specialty Lines Ins. Co.*, 431 F. Supp. 2d 428, 442 (D. Vt. 2006). In *Wilder v. Aetna Life & Cas. Ins. Co.*, the Vermont Supreme Court rejected the VCFA's application to insurance, holding that "the selling of an insurance policy is not a contract for 'goods or services' within the meaning of 9 V.S.A.

7

[§] 2461[.]" *Wilder v. Aetna Life & Cas. Ins. Co.*, 433 A.2d 309, 310 (Vt. 1981). In 1985, the Vermont Legislature amended the VCFA's definition of "goods or services" to include "intangibles" and "services of any kind." 9 V.S.A. § 2451a(b).

When presented with the question of whether the VCFA, as amended, applies to insurance, the Vermont Supreme Court has declined to address it. *See Greene*, 2004 VT 67, ¶ 10, 177 Vt. at 95, 858 A.2d at 243 (stating that "[p]laintiff and amicus curiae, the Vermont Attorney General, argue that *Wilder* is no longer good law after the 1985 amendments to the Consumer Fraud Act. We do not reach this argument."); *see also Fraser v. Concord Gen. Mut. Ins. Co.*, 2010 WL 11537929, at *2 (D. Vt. Mar. 24, 2010) ("Assuming without deciding that Vermont's Consumer Fraud Act applies to insurance transactions[.]"). However, even "[i]n those states that recognize Consumer Fraud Act applicability to insurance transactions, a mere coverage dispute is insufficient to show consumer fraud." *Greene*, 2004 VT 67, ¶ 16, 177 Vt. at 97, 858 A.2d at 244; *see also Fine Paints of Europe, Inc. v. Acadia Ins. Co.*, 2009 WL 819466, at *8 (D. Vt. Mar. 24, 2009) (holding that "a 'fairly debatable' coverage dispute [] is not actionable as consumer fraud"). At this juncture, "the Vermont Supreme Court has not recognized a claim under the VC[F]A predicated on an insurance coverage dispute." *Du Grenier v. Encompass Ins. Co.*, 2018 WL 4692354, at *2 (D. Vt. May 11, 2018).

In its Complaint as supplemented, Plaintiff alleges that Defendant engaged in unfair practices because it declined to provide coverage for additional repairs based on an allegedly inaccurate investigation and failed to promptly explain its denial. Plaintiff does not, however, assert a claim of bad faith. *See Murphy v. Patriot Ins. Co.*, 2014 VT 96, ¶¶ 11-16, 197 Vt. 438, 442-45, 106 A.3d 911, 915-917 (rejecting proposition that a bad faith claim may be predicated on a negligent or inadequate investigation); *see also Gade v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 7306433, at *16 (D. Vt. Nov. 19, 2015) (finding that "[a]n insurance company has no obligation to perform a flawless investigation or exercise perfect judgment in order to defeat a bad faith claim"). Plaintiff's claims are therefore "merely a disguised attempt to resolve a dispute as to liability." *Greene*, 2004 VT 67, ¶ 28, 177 Vt. at 102, 858 A.2d at 248.

8

Because Plaintiff's VCFA claims in Counts II and III are predicated on an insurance coverage dispute that cannot serve as the basis for a VCFA claim, Defendant's motion to dismiss these claims is GRANTED.

### D.     Leave to Amend.

Pursuant to Fed R. Civ. P. 15(a), courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R Civ. P. 15(a). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Because at this juncture the court cannot find that any claims asserted by Plaintiff would be futile, and because there is no other ground on which to deny leave to amend, Plaintiff is hereby GRANTED leave to amend within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

### CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss. (Doc. 4.) Plaintiff is GRANTED leave to amend within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of May, 2021.

Christina Reiss, District Judge
United States District Court